UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAM SULLIVAN, | CASE NO. 3:16-cv-05280-RJB |
| Plaintiff, | ORDER |
| v. | |
| CLALLAM COUNTY PUBLIC HEALTH DISTRICT NO. 2, d/b/a OLYMPIC MEDICAL CENTER, and IOD INC., | |
| Defendants. | |

For purposes of clarity and judicial economy, the Court now considers all pending motions: (1) Defendant Clallam County Public Hospital District No. 2's Motion to Dismiss (Dkt. 10), (2) Defendant IOD, Inc.[1]'s Motion to Dismiss (Dkt. 12), (3) Plaintiff Adam Sullivan's Motion to Remand (Dkt. 15), and (4) Mr. Sullivan's Motion for Voluntary Dismissal (Dkt. 17). The Court has also considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein. Dkts. 21-27.

---

[1] Because of IOD, Inc.'s merger, IOD, Inc. is now apparently CIOX Health, LLC. Because Mr. Sullivan named IOD, Inc. in the Complaint, for purposes of this order, the Court refers to the entity by that name.

ORDER- 1

# BACKGROUND

*a. Facts and claims alleged.*

Mr. Sullivan alleges that on November 17, 2015 he made a written request to Defendant Clallam County Public Health District No. 2, d/b/a Olympic Medical Center ("Olympic") for "copies of any and all of [his] medical records . . . in electronic form on CD." Dkt. 1-2, ¶10. IOD, a health information management corporation that Olympic sub-contracts to provide medical records, allegedly refused to process Mr. Sullivan's records request unless he paid $97.28 "to burn [Mr. Sullivan's] already-existing electronic medical records onto a CD." *Id*., at ¶11. Olympic and IOD allegedly have shown a pattern of refusing to release patient medical records, like Mr. Sullivan's, unless patients pay illegal fees to the defendants.

Mr. Sullivan alleges three causes of action. In Count 1, violation of the Uniform Healthcare Information Act ("UHIA"), RCW 70.02 *et seq*, Mr. Sullivan alleges that Olympic failed to respond in writing to the record request within 15 days; that Olympic, "via its subcontractor IOD," demanded an unreasonable, unfounded, and illegal fee for its copy services; and that Olympic, via its subcontract IOD, "still has not provided the requested medical records[.]" Dkt. 1-2, at ¶¶16-18.

In Count 2, violation of the HITECH Act, 42 U.S.C. §§17901-17953, Mr. Sullivan alleges that the defendants have disregarded requirements of the HITECH Act that protect his right to access protected health information; that allow only for reasonable fees; and that require production of medical records even if fees are not paid in full. *Id*., at ¶¶25-27.

1        In Count 3, violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, Mr. Sullivan alleges that the defendants' HITECH Act violation is a per se CPA violation. *Id.*, at ¶35. Related to this claim, Mr. Sullivan also alleges that he is injured by the defendants' unfair billing practice; that charging "random" fees causes Mr. Sullivan harm and holds his and others' medical records for ransom; and that the defendants' payment structure is unfair and deceptive. *Id.*, at ¶¶37-44.

       b. *Procedural history*.

       This case was commenced in Clallam County Superior Court, where Mr. Sullivan filed the Complaint. Dkt. 1-2. Olympic filed a notice of removal for the United States District Court based on federal question jurisdiction, to which IOD also consented. Dkt. 1, at 1, 2. After Olympic filed a motion to dismiss with prejudice for failure to state a claim, Dkt. 10, Mr. Sullivan filed a response that included a cross-motion to dismiss Olympic without prejudice. Dkt. 17. IOD filed a motion to dismiss with prejudice for failure to state a claim, Dkt. 12, and Mr. Sullivan filed a motion to remand for lack of subject matter jurisdiction. Dkt. 15.

STANDARD FOR MOTION TO DISMISS

       Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

(2007)(internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

DISCUSSION

A. <u>HITECH Act claim (Count 2)</u>

In their respective motions to dismiss, both Olympic and IOD argue that Mr. Sullivan's HITECH Act claim should be dismissed for failure to state a claim because violations of the HITECH Act, even if true, do not give rise to a private right of action. Dkt. 10, at 5, 6; Dkt. 12, at 4, 5. Mr. Sullivan agrees that the HITECH Act does not give rise to a private cause of action, but he argues that the proper result is remand, not dismissal. Dkt. 15, at 2. According to Mr. Sullivan, the violation of the HITECH Act is alleged "to sustain [Plaintiff's] *per se* claim of violation of the CPA." *Id*. He later argues that the HITECH Act claim is a violation of federal law sufficient to sustain a state law claim. Dkt. 16, at 2, 3.

The Court agrees with the parties that the HITECH Act, an amendment to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), does not give rise to a private right of action. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir.2007); *Acara v. Banks*, 470 F.3d 570, 571 (5th Cir.2006). *See also*, *Davenport v. Richards*, 2008 WL 2678371 (W.D.Wash.2008). As the *Acara* court analyzed at length, the text of HIPAA, which includes the HITECH Act, neither explicitly nor implicitly provides private parties with a cause of action. *Id*. Therefore, because Mr. Sullivan's HITECH Act claim relies solely on violations of the HITECH Act, which does not provide a private right of action, the claim should be dismissed

for failure to state claim. *See Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1151 (9th Cir.2013).

Mr. Sullivan's argument that the violation of the HITECH Act is alleged to sustain the CPA claim is not supported by the content and organization of the Complaint. Under IV of the Complaint, entitled, "Causes of Action," there are three subsections: "A. Violation of Uniform Healthcare Information Act . . . B. Violation of the HITECH Act . . . C. Violation of the Consumer Protection Act." Dkt. 1-2, at 4-7. In the Prayer for Relief, Mr. Sullivan requests "judgment in favor of Plaintiff . . . on all causes of action asserted and for damages in an amount to be determined[.]" *Id*., at ¶45. While the Complaint alleges violations of the HITECH Act as one theory for Subsection C, the CPA claim, *id*., at ¶35, Subsection B is a claim in and of itself. Mr. Sullivan's argument that the HITECH Act claim is a violation of federal law sufficient to sustain a state law tort claim is equally unpersuasive, because there is no discernible state law tort claim in Subsection B. The subsection is entitled, "Violation of the HITECH Act" and cites only to federal statutes without any references to state law torts. *Id*., at ¶¶21-33.

Because the HITECH Act claim should be dismissed, and with the two remaining claims predicated on state law statutes, the Court next considers whether it should exercise supplemental jurisdiction over the claims.

B. <u>UHIA and CPA claims</u>

While Olympian and IOD acknowledge that the Court's original jurisdiction is based on the HITECH Act claim, which triggers a federal question by referencing federal statutes, the defendants argue that the Court should exercise its supplemental jurisdiction over the remaining state claims. Dkt. 21, at 7, 8; Dkt. 22, at 3. IOD also argues that the CPA claim invokes federal question jurisdiction because it "arises under federal law" by raising substantial federal issues.

Dkt. 21, at 5-7, citing to *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

The decision "whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009). *See* 28 U.S.C. §1367. District courts may decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of State law; the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; the district court has dismissed all claims over which it has original jurisdiction; or in exceptional circumstances. § 1367(c). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (*internal citations omitted*).

§ 1367(c)(3). Given the dismissal of the HITECH Act claim, which was the basis for the Court's original jurisdiction, *see* Dkt. 1, at ¶¶1, 4, the issue of whether to exercise supplemental jurisdiction over the two State law claims is purely discretionary. § 1367(c)(3). In this case, the Court declines to exercise its supplemental jurisdiction over the State law claims.

IOD's argument that the CPA claim "arises under" federal law is unavailing. State law claims give rise to federal question jurisdiction only in a "special and small category" of cases where a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013). The first two elements may be satisfied, since the CPA claim does reference the HITECH Act, which is a federal statute, Dkt .1-

2, at ¶35, but the federal issue raised is not substantial, because the CPA claim implicates the concerns of private parties, not constitutional concerns or "the federal system as a whole." *Id*. Finally, considering the federal-state balance, given that the HITECH Act does not itself give rise to a federal cause of action, it would arguably undermine congressional intent to allow "private relief into federal court through a state cause of action when a federal private right of action is unavailable." *Dickman v. Multicare Health System*, 2015 WL 3477178 (W.D.Wash.2015), citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 812 (1986).

Because the Court declines to exercise supplemental jurisdiction over the UHIA and CPA claims, they should be remanded to Clallam County for further proceedings. Consequently, as to the UHIA and CPA claims, the Court does not reach the merits of Defendants' motions to dismiss with prejudice or Mr. Sullivan's Motion to Dismiss Without Prejudice. These motions may be considered by the State court.

* * *

Therefore, it is hereby **ORDERED** that

(1) Defendant Clallam County Public Hospital District No. 2's Motion to Dismiss (Dkt. 10) is GRANTED IN PART as to Count 2, the HITECH Act claim. That claim is HEREBY DISMISSED.

(2) Defendant IOD, Inc.'s Motion to Dismiss (Dkt. 12) is GRANTED IN PART as to Count 2, the HITECH Act claim. That claim is HEREBY DISMISSED.

(3) Plaintiff Adam Sullivan's Motion to Remand (Dkt. 15) is GRANTED IN PART as to Count 1, the Uniform Healthcare Information Act Claim, and Count 3, the Consumer Protection Act claim. The motion is DENIED as moot as to Count 2, the HITECH Act claim. This case is remanded to the Superior Court in and for Clallam County, Washington.

(4) In view of the remand, all other pending motions or portions thereof remain undecided for consideration by the State court.

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing *pro se* at said party's last known address.
3   Dated this 31st day of May, 2016.

_____
ROBERT J. BRYAN
United States District Judge

ORDER- 8